The Employment Law Firm
Cynthia L. Pollick, LLM                                          Attorney for Plaintiff
I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675

_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY TALANCA | : | |
| | : | |
| Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| BOROUGH OF ASHLEY, | : | DOCKET NO: |
| DONALD SIPPLE, SR., Individually, | : | |
| | : | |
| Defendants | : | |

## COMPLAINT

NOW comes the Plaintiff, JEREMY TALANCA, by his attorney, Cynthia L. Pollick, Esquire, and files the following Complaint against Defendants and avers as follows:

## PARTIES

1.      Plaintiff, JEREMY TALANCA, is a part-time police officer for the Defendant BOROUGH OF ASHLEY.  He resides in Luzerne County.

2.      Defendant, BOROUGH OF ASHLEY, has a principal office is located at 49 West Cemetery Street, Ashley, PA 18706.

1

3.     Defendant, DONALD SIPPLE, SR. is the Mayor of Defendant, BOROUGH OF ASHLEY, which has a principal office is located at 49 West Cemetery Street, Ashley, PA 18706.

4.     At all times in question, Defendants were acting under color of state law when they engaged in official policy, custom, and decisions to deprive Plaintiff's First Amendment rights of free speech.

5.     Defendant, BOROUGH OF ASHLEY, failed to train its officials to not to retaliation against citizens when they engaged in free speech.

6.     Defendant, BOROUGH OF ASHLEY, acquiesced in all actions taken by its public officials and personnel.

## JURSIDICTION

7.     This action is brought and jurisdiction lies pursuant to 42 U.S.C. § 1983 for constitutional violations of Plaintiff's rights pursuant to the First Amendments right of free speech. 28 U.S.C. § 1331.

### COUNT I
### POLITICALLY MOTIVATED FAILURE TO HIRE
### PLAINTIFF v. DEFENDANTS

8.     Plaintiff hereby incorporates by reference paragraphs one (1) through seven (7) as if set forth herein at length.

9.     In 2017, Defendant SIPPLE Sr. was running for Mayor of Defendant BOROUGH OF ASHLEY.

10.    Plaintiff was vocal that he was opposed to Defendant SIPPLE, Sr. being Mayor of the BOROUGH OF ASHLEY.

11.    In or around March 2017, BOROUGH OF ASHLEY had an opening for a full-time Police Officer.

12.     In or around March through April, on at least seven (7) occasions Plaintiff went to the BOROUGH OF ASHLEY and requested an application for the vacant full-time position. On each occasion, Plaintiff was denied an application.

13.    The full-time position had to be hired through Civil Service.

14.    In May 2017, Defendant BOROUGH OF ASHLEY hired Chris Capasso, who is personal friends with Defendant SIPPLE Sr. and Councilman Sipple, as the full-time Police Officer.

15.    Officer Capasso was not hired thorough the Civil Service Commission process.

16.    In or around August 2017, as a citizen, Plaintiff spoke out about the illegal hiring of Officer Capasso to the Borough Manager.

17.    In or around September 2017, as a citizen, Plaintiff spoke out about the illegal hiring of Officer Capasso to Councilwoman Donna Shepard while Plaintiff was at a Turkey Hill. Councilwoman Donna Shepard warned

Plaintiff that he better watch what he says since Defendant SIPPLE, Sr. most likely will be the next Mayor.

18.    For the duration of 2017, Plaintiff continued to be outspoken about the illegal hiring.

19.    Defendants were aware of Plaintiff's protected activities and retaliated against him by not allowing him to apply for the vacant full-time position and failing to hire him.

20.    In or around January 2018, when Defendant SIPPLE Sr. became Mayor of Defendant BOROUGH OF ASHLEY, Plaintiff hours were drastically reduced.

21.    On January 27, 2018, Defendant SIPPLE Sr. admitted that he heard from the Borough Manager, Greg Gulick, that Plaintiff was opposed to him winning the Mayor's seat.  Defendant SIPPLE Sr. stated, "I know what you told Greg, but now I'm running the police department, remember that".

22.    Defendants' conduct, actions, and campaign of harassment have caused Plaintiff mental anxiety, stress and sleeplessness.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983, including lost wages, compensatory damages, emotional distress, punitive damages against Individual Defendant only, attorney fees and costs, pre- and post- interest, delay damages.

## COUNT II
## FIRST AMENDMENT VIOLATION
## PLAINTIFF v. DEFENDANTS

23.     Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-two (22) as if set forth herein at length.

24.     Plaintiff also spoke out about BOROUGH OF ASHLEY Mayor Sipple's corrupt activities related to his requests that Plaintiff help his friends get out of being arrested.

25.     On or about April 15, 2018, Plaintiff spoke out about the illegal hiring and the harassment he was experiencing from Defendant SIPPLE Sr. and Officer Capasso.

26.     On or about August 16, 2018, Defendant BOROUGH OF ASHLEY illegally promoted Officer Capasso to Sergeant in violation of the Civil Service Commission rules and regulations.

27.     On or about October 15, 2018, Defendant SIPPLE, Sr. authored a letter to Plaintiff's other employer Sugar Notch Borough interfering with Plaintiff's job and seeking to stop Sugar Notch Police from assisting Defendant BOROUGH OF ASHLEY.

28.     Plaintiff has no official duty to report official misconduct.[1]

---

[1] This district has held that exposing corruption is protected and a matter of public concern. *Keslosky v. Borough of Old Forge*, 2009 U.S. Dist. LEXIS 78212

29.     Plaintiff was acting as a citizen when he reported the official misconduct of Borough officials.

30.     Plaintiff's job duties as a municipal Police Officer is to enforce the criminal and vehicle code of Pennsylvania not report official misconduct.

31.     Plaintiff's free speech is a matter of public concern.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983, including lost wages, compensatory damages, emotional distress, punitive damages against Individual Defendant only, attorney fees and costs, pre- and post- interest, delay damages.

As to all counts a jury trial is demanded.

By: <u>s/ Cynthia L. Pollick</u>
Cynthia L. Pollick, Esquire, LLM
Pa. I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675
pollick@lawyer.com

---

(Judge Munley); *Feldman v. Philadelphia Hous. Auth.*, 43 F.3d 823 (3d Cir. Pa. 1994).